FILED
at ____ O'clock & ____ min. ___M

FEB 1 0 2006

United States Bankruptcy Court
Columbia, South Carolina (30)

UNITED STATES BANKRUPTCY COURT

DISTRICT OF SOUTH CAROLINA

In re:

Willie John Dansby,

Debtor.

Case No. 05-45490-W

Chapter 13

ENTERED
FEB 1 0 2006
D.L.L.

## ORDER DISMISSING CASE

This proceeding comes before the Court on a request by Willie John Dansby ("Debtor") filed December 31, 2005, for a temporary wavier of the requirement of prepetition credit counseling under 11 U.S.C. § 109(h). The United States Trustee ("UST") filed a timely objection to Debtor's request.

The Court has jurisdiction of this case and this proceeding pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(a), and Local Civil Rule 83.IX.01 DSC. The proceeding constitutes a core proceeding in accordance with 28 U.S.C. § 157(b).

The Court makes the following findings of fact and conclusions of law:[1]

### FINDINGS OF FACT

1. Debtor filed a petition for chapter 13 relief on December 31, 2005. Debtor is represented by counsel.

2. On December 31, 2005, along with the required schedules, statement of financial affairs, and proposed chapter 13 plan, Debtor filed a certification of exigent

---

[1] To the extent the Court's findings may be construed as conclusions of law, they are so deemed. To the extent any conclusions may be construed to be findings of fact, they are so deemed.

circumstances asking the Court to grant him a temporary waiver of the prepetition credit counseling required by 11 U.S.C. § 109(h).[2]

3. Debtor's certification stated that Debtor had "requested but could not obtain Counseling in the five (5) days prior to filing. Debtor does have an appointment with the Credit Counseling Center on January 4, 2006."

4. UST had approved approximately fifteen credit counseling agencies for the District of South Carolina at the time Debtor filed for bankruptcy relief. Prepetition credit counseling is available for debtors filing bankruptcy cases in this district by in-person, Internet, and telephone counseling.

5. Debtor also stated in the certification that a pending foreclosure sale of his residence in state court on January 3, 2006, constituted an exigent circumstance meriting a temporary waiver of the credit counseling requirement.

6. Debtor and his counsel signed the certification. The certification was not signed under penalty of perjury.

7. Subsequent to the filing of this case but prior to the hearing on this matter, the Court published non-mandatory forms for use by debtors and their counsel in requesting waivers (temporary and permanent exemption) of the prepetition credit counseling requirement under § 109(h).[3] The form applicable to this case requires Debtor to specify under penalty of perjury (1) the exigent circumstances on which the request for a waiver is based; (2) the name of the credit counseling agency; (3) the date the request for counseling was made; and (4) why the debtor was unable to obtain the required counseling with five days from the date of the request.

---

[2] Further reference to 11 U.S.C. § 101, *et seq.*, will be by section number only.
[3] These forms are attached as Exhibits to this order and are incorporated herein by reference.

8. On December 14, 2005, counsel for Debtor advised Debtor to obtain credit counseling. Counsel's office assisted Debtor in making an appointment with a credit counselor. Debtor missed an appointment scheduled on December 18, 2005, and he missed a second appointment on December 20, 2005. Debtor appears to have missed the first appointment due to tardiness and the second due to a lack of funds to pay the counselor's charge. Debtor did not inform counsel of his failure to obtain credit counseling until the day of the filing of the petition.

9. Debtor's certification did not name the agency from which Debtor attempted to obtain prepetition credit counseling or the dates Debtor attempted to obtain counseling.

10. Debtor makes no claim that he suffers from a disability or incapacity or that he is on active military duty in a combat zone, which would exempt him from the requirement of prepetition credit counseling. § 109(h)(4).

11. On January 4, 2006, Debtor filed a certificate showing that he had completed credit counseling by telephone that same day.

## CONCLUSIONS OF LAW

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA) added § 109(h) to the Bankruptcy Code effective for all cases filed on or after October 17, 2005. Section 109(h)(1) states that an individual debtor is not eligible to file for bankruptcy relief unless, during the 180-day period prior to the filing of a petition, the debtor received credit counseling from an approved, non-profit budget and credit counseling agency.[4] Although certain debtors may be eligible for an exemption from counseling under

---

[4] The requirement of prepetition credit counseling relates to eligibility to file, not to the jurisdiction of this Court to hear this case under 28 U.S.C. § 1334 and 28 U.S.C. § 157.

§ 109(h)(2)(A) and § 109(h)(4), none of these exemptions apply in this case.[5] Debtor in this case has asked instead for an extension of time to obtain credit counseling under § 109(h)(3)(A). This subsection provides in relevant part:

> [T]he requirements of paragraph (1) shall not apply with respect to a debtor who submits to the court a certification that –
> (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);
> (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5-day period beginning on the date on which the debtor made that request; and
> (iii) is satisfactory to the court.

11 U.S.C. § 109(h)(3)(A).

Section 109(h)(3)(B) authorizes the court to grant an extension of time to a debtor meeting the three requirements of subsection (h)(3)(A). The Court may grant an extension of up to thirty days following the filing of the petition, with an additional fifteen-day extension for cause shown. A debtor must meet all three requirements under § 109(h)(3)(A) in order to obtain an extension to complete the required credit counseling.

While Debtor did not declare under penalty of perjury that the information provided in the certificate was true and correct, the Court draws the bar's attention to the Court's suggested forms for certification under § 109(h) which contain such an oath. See 28 U.S.C. § 1746. As this certificate must be filed with the petition, the Court believes this important document should include the normal certification language required by debtors in other initial filings. The Court, however, in this case will not deny Debtor's request for this omission.

---

[5] The statute provides exemptions from this requirement for debtors on active duty in a military combat zone, debtors who are incapacitated or disabled as defined in (h)(4), and those debtors residing in districts where the UST has determined that credit counseling in unavailable. § 109(h)(2).

See In re La Porta, 332 B.R. 879, 881 (Bankr. D. Minn. 2005) (holding the certification must be subscribed to under penalty of perjury); In re Hubbard, 333 B.R. 373, 376 (Bankr. S.D. Tx. 2005) (requiring a certification of exigent circumstances to be under oath); but see In re Childs, 335 B.R. 623 (Bankr. D. Md. 2005) (holding a certification of exigent circumstances need not be under oath).

### A.   Certification of an Exigent Circumstance

Debtor argues that the pending foreclosure of his home rises to the level of an exigent circumstance that supports a waiver of prepetition credit counseling. Courts disagree as to whether an imminent foreclosure is an exigent circumstance for purposes of § 109(h)(3)(A)(i). See In re Talib, 335 B.R. 417, 422 (Bankr. W.D. Mo. 2005) (holding that a pending foreclosure may not be an exigent circumstance, absent some explanation from the debtor, because under Missouri law the debtor was apprised of the date of the foreclosure several weeks in advance); but see In re Cleaver, 333 B.R. 430, 434-435 (Bankr. S.D. Ohio 2006) (holding that a pending foreclosure is an exigent circumstance). This Court does not need to determine in this case whether a pending foreclosure always rises to the level of an exigent circumstance because Debtor has failed to satisfy other requirements of § 109(h)(3)(A), which prohibit the Court from granting Debtor a waiver of prepetition credit counseling.

### B.   Inability to Obtain Prepetition Counseling

A debtor seeking a temporary waiver of prepetition credit counseling must specifically show that the debtor requested counseling but was unable to obtain it within the five-day period following the debtor's request. A plain meaning reading of the language of the statute shows that Congress intended that a debtor only receive a waiver of the requirement of prepetition counseling if the credit counseling agency cannot provide the service to the debtor

within five days "against the backdrop of the 'exigent circumstances.'" In re Wallert, 332 B.R. 884, 888 (Bankr. D. Minn. 2005). While it can be argued that Congress was not realistic in its assessment of the circumstances under which some debtors and their counsel may find themselves on the eve of a foreclosure sale, repossession, or garnishment, Congress' goal appears to be to eliminate bankruptcy petitions filed by individuals who have not allowed themselves adequate time (at least five days) to consider a bankruptcy alternative before they file. This Court should not substitute its judgment for that of Congress. United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 109 S.Ct. 1026 (1989).

The text of § 109(h)(3)(A)(ii) does not state if the request may be made on or just prior to the petition date or if the request must be made at least five days before the petition date. Courts in some jurisdictions have found that a debtor may make the request on the day the debtor files for bankruptcy and obtain a waiver of prepetition credit counseling if the debtor certifies that the credit counseling agency was not able to provide counseling within the five days from the date of the request. See In re DiPinto, No. 06-10112, ___ B.R. ___, 2006 WL 213721, *6 (Bankr. E.D. Pa. 2006) (noting in dicta that although there is a good argument that credit counseling should be requested at least five days before the petition date that it does not interpret § 109(h)(3)(A)(ii) to require the request be made five days prior to the petition). This Court believes that the better view is that the request must be made at least five days before the petition date, absent extraordinary circumstances satisfactory to this Court. See Cleaver, 333 B.R. at 435 (noting in dicta that § 109(h)(3)(A)(ii) would appear to require a five-day waiting period before a debtor could file a petition together with their certification); In re Talib, 335 B.R. 424, 427 (Bankr. W.D. Mo. 2005) (noting "Congress may have limited the exemption and essentially imposed a five-day waiting period to discourage debtors from

deferring their first consideration of bankruptcy until immediately prior to the exercise of creditors' remedies").

It appears that the intent of Congress was to require individuals to consider an alternative to bankruptcy prior to the petition date and to discourage hasty filings. This goal is not accomplished if the individual waits until just before the petition date to seek credit counseling. Dismissal may be a harsh result for debtors who wait until the last minute to deal with this issue of eligibility; however, the statute appear to be designed to encourage debtors to be proactive about their financial situation and deal squarely with their insolvency at least five days before they seek relief in this Court. See Wallert, 332 B.R. at 890. Further, allowing a debtor to wait until just before the petition to ask for credit counseling may lead to illogical results. For example, if a debtor waits until as late as the petition date to request credit counseling and the credit counseling agency is dilegently able to provide counseling within five days of the request, then the debtor would not be eligible to seek a waiver under § 109(h)(3) and is not eligible for relief under Title 11 pursuant to § 109(h)(1) and the case must be dismissed. However, if the credit counseling were not available until six days after the request, then the same debtor may be eligible for a waiver under § 109(h)(3)(A). The Court does not believe that Congress intended such an arbitrary result but rather intended that each debtor request credit counseling at least five days before filing for bankruptcy to allow for careful consideration of alternatives.

Under either reading of § 109(h)(3)(A)(ii), this Debtor would not be eligible for a waiver because either credit counseling was available within five days of his request or because Debtor did not demonstrate that he made the request at least five days before the petition date and that the credit counseling agency was unable to provide counseling within

7

the five days from the date of the request.[6] Since Debtor does not qualify for a waiver, Debtor's case must be dismissed because of Debtor's failure to obtain prepetition credit counseling.[7]

C. **Satisfaction of the Court**

Even upon meeting the other requirements of §109(h)(3)(A), Congress provided the Court with broad discretion under § 109(h)(3)(A)(iii) in determining whether to grant a request for a waiver in that each request must also be satisfactory to the Court. However, as Debtor has failed to meet the second requirement of the test under § 109(h)(3)(A), the Court need not consider whether Debtor's request is satisfactory under these circumstances.

## CONCLUSION

The evidence indicates that Debtor could have met the requirements of the statute with due diligence. Debtor has failed to meet the second of three requirements under § 109(h)(3)(A) to obtain a temporary waiver of the requirement of prepetition credit counseling. This failure made the debtor ineligible to file a case under Title 11 on December 31, 2005. Therefore, this case should be and hereby is dismissed without prejudice.

**AND IT IS SO ORDERED.**

*/s/ John E. Waites*
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina,
February 10, 2006

---

[6] It appears that a debtor's inability to obtain credit counseling within five days from a request must be normally attributable to the fault of the credit counseling agency before a waiver is appropriate. However, there may be exceptional situations in which the inability to obtain credit counseling within five days from the date of the request was neither the fault of the credit counseling nor the fault of the debtor under which relief may be appropriate.

[7] Although a debtor seeking prepetition credit counseling is not required to scour the approved list of counselors until an available counselor is obtained, a debtor considering the filing of a case less than five days after a debtor makes a request for credit counseling would be wise to check with other counselors in an attempt to avoid dismissal. The UST has approved agencies, which offer counseling in-person, over the Internet, and by telephone.

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| IN RE: | C/A No. _____ |
|---|---|
| _____, | Chapter \_\_ |
| Debtor(s). | |

### CERTIFICATION OF NONCOMPLIANCE WITH 11 U.S.C. § 109(h)(1) AND REQUEST FOR EXEMPTION[1]

Under penalty of perjury, I/we certify and attest to the following:

I/we (each referred to as the "Undersigned") am the/a debtor in the above styled bankruptcy action filed on _____ ("Petition Date"). Within the one-hundred eighty (180) days prior to the Petition Date, Undersigned did not receive the credit counseling required by 11 U.S.C. § 109(h)(1).

Undersigned certifies that exigent circumstances exist to waive the pre-petition credit counseling requirement. These exigent circumstances are described in detail as follows:
_____
_____
_____
_____
_____.

Undersigned also certifies that, prior to the Petition Date, Undersigned requested credit counseling services from an approved nonprofit budget and credit counseling agency, known as _____
_____(list *the name, address, phone number, and, if applicable, the website of the credit counseling agency)*. Undersigned made a request for credit counseling services from this credit counseling agency on the following date _____, but was unable to obtain the credit counseling services offered by this credit counseling agency within the five day period beginning on that date for the following reasons: _____
_____
_____
_____
_____.

---

[1] All sections of this Certification must be completed in order for the request for an exemption to be considered by the Court.

      Undersigned requests that the Court order an exemption under 11 U.S.C. § 109(h)(3) and allow Undersigned additional time to obtain the required credit counseling. If the Court allows additional time to obtain credit counseling, Undersigned agrees to obtain the credit counseling required by 11 U.S.C. § 109(h)(1) and file with the Court a certificate from an approved nonprofit budget and credit counseling agency that Undersigned has completed the required credit counseling. Undersigned agrees to obtain the required credit counseling and file the required certificate within thirty (30) days from the Petition Date <u>or</u> by such other time as the Court may order, which may be shorter than thirty (30) days from the Petition Date.

      Undersigned agrees and understands that failure to comply with any order of the Court made pursuant to this request may result in this case being dismissed with prejudice, as to any Chapter under Title 11, for a period of one-hundred eighty (180) days.

      UNDERSIGNED EACH SO CERTIFY TO THE TRUTHFULNESS AND ACCURACY OF THE REPRESENTATIONS MADE HEREIN.

_____
(Debtor's Signature)

_____
(Co-Debtor's Signature)

_____, 200\_\_

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| IN RE: _____, <br><br> _____ <br> Debtor(s). | C/A No. _____ <br><br> Chapter ___ |
|---|---|

## CERTIFICATION OF INABILITY TO COMPLETE PRE-PETITION CREDIT COUNSELING[1]

Under penalty of perjury, I certify and attest to the following:

I am the/a debtor in the above styled bankruptcy action filed on _____ ("Petition Date"). Within the one-hundred eighty (180) days prior to the Petition Date, I did not receive the credit counseling required by 11 U.S.C. § 109(h)(1).

*(Check the box that applies)*

_____   I am unable to complete the credit counseling required by 11 U.S.C. § 109(h)(1) because of an "incapacity" defined by 11 U.S.C. § 109(h)(4).[2] I will submit medical records and/or other appropriate records for private review by the judge, which support my statement that I am incapacitated, within five (5) days of this Certification.

_____   I am unable to complete the credit counseling required by 11 U.S.C. § 109(h)(1) because of a "disability" defined by 11 U.S.C. § 109(h)(4).[3] I will submit medical records and/or other appropriate records for private review by the judge, which support my statement that I am disabled, within five (5) days of this Certification.

_____   I am unable to complete the credit counseling required by 11 U.S.C. § 109(h)(1) because I am a member of the _____ branch of the United States military on active duty and I am stationed in _____, which is located in a military combat zone.

---

[1] All appropriate sections of this Certification must be completed and all requested documents must be timely submitted in order for the request to be considered by the Court.

[2] "Incapacity" means that the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities. 11 U.S.C. § 109(h)(4).

[3] "Disability" means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone or Internet briefing of the required pre-petition credit counseling. 11 U.S.C. § 109(h)(4).

   I request that the Court order that I am exempt from pre-petition credit counseling pursuant to 11 U.S.C. § 109(h)(4). I understand that a hearing may be necessary on this Certification for exemption from credit counseling if a party objects or a hearing is scheduled by the Court and that I must attend any hearing scheduled or my request may be denied.

   I SO CERTIFY TO THE TRUTHFULNESS AND ACCURACY OF THE REPRESENTATIONS MADE HEREIN.

                       _____
                           (Debtor's Signature)

_____, 200__